UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA
AT LINCOLN

| | |
|---|---|
| **DEON QUICK, an individual resident of Nebraska,**<br><br>**Plaintiff**,<br><br>v.<br><br>**BNSF RAILWAY COMPANY, a Delaware corporation,**<br><br>**Defendant**. | Case No. _____<br><br>**COMPLAINT**<br>***JURY TRIAL DEMANDED*** |

Plaintiff, Deon Quick, by and through his undersigned counsel, for complaint and cause of action against Defendant BNSF Railway Company ("BNSF"), hereby alleges and avers as follows:

## I.   NATURE OF ACTION

1. This is a civil tort action arising from a disabling on-the-job injury suffered by Plaintiff Deon Quick on August 5, 2022, while employed by Defendant BNSF as a Signalman in or near Alliance, Nebraska.

2. This suit sounds in negligence and arises under federal law pursuant to the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51, *et seq*., because Plaintiff's injuries were caused by Defendant BNSF's failure to exercise proper care under the circumstances, in

      that it failed to provide Plaintiff with proper and safe tools and equipment to complete his assigned work, it failed to provide Plaintiff a reasonably safe place to work, and it committed other acts of negligence.

3. As a direct result of Defendant's negligence in violation of the FELA, Plaintiff suffered severe and permanent economic and noneconomic injury, including being disabled from his job of injury, in amounts to be proven at trial of this matter.

## II.   PARTIES

4. Plaintiff incorporates each of the above allegations by reference as if stated fully herein.

5. Plaintiff Deon Quick is a natural person and resident of the State of Nebraska.

6. Defendant BNSF Railway Company is a corporation formed and existing under the laws of the State of Delaware, and is in the business of operating a system of railroad tracks and railroad equipment for hire, which system includes lines of track and interstate railroad operations in the District where this action is filed.

7. At all material times, Defendant BNSF was an interstate carrier of freight by rail, and was engaged in interstate transportation and commerce.

8. At all materials times, Plaintiff was employed by Defendant as a Signalman, whose work duties were connected to and in furtherance of Defendant's interstate railroad business.

## III.   JURISDICTION AND VENUE; JURY DEMAND

9. Plaintiff incorporates each of the above allegations by reference as if stated fully herein.
10. This Court has subject matter jurisdiction over this action pursuant to the FELA, 45 U.S.C. §§ 51-60.
11. This Court also has subject matter jurisdiction over this action due to the diversity of citizenship of the parties, and because the amount in controversy in this action exceeds the threshold established by 28 U.S.C. § 1332(a).

12. This Court has personal jurisdiction over the person of Defendant BNSF because Defendant BNSF is present and transacting business in this judicial district, because Defendant BNSF maintains sufficient contacts with the State of Nebraska as to properly warrant the exercise of personal jurisdiction by this Court, BNSF has registered to conduct business in this district, substantial parts of the actions and inactions alleged hereafter occurred in Nebraska and because Defendant BNSF purposefully avails itself of the laws and protections of the State of Nebraska for all conduct of its business operations within this judicial district.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district, BNSF's Registered Agent is located in this district, and because Defendant BNSF is subject to the Court's personal jurisdiction with respect to this claim.

14. Pursuant to Fed. R. Civ. P. 38, and LCR 38.1, Plaintiff hereby demands that this matter be tried to a jury.

## GENERAL ALLEGATIONS

15. Plaintiff incorporates each of the above allegations by reference as if stated fully herein.

16. On August 5, 2022, Plaintiff was employed by Defendant BNSF and was performing his assigned duties in or around Alliance, Nebraska.

17. Among the duties Plaintiff was assigned to perform on this date was loading a "switch kit" into his assigned work vehicle, for purposes of constructing or repairing one or more railroad switches along BNSF's system of railroad tracks.

18. The "switch kit" that Plaintiff was assigned to load was contained in a box or crate that was broken, flimsy, or otherwise insufficient to permit lifting or maneuvering via a mechanical means.

19. The switch parts therefore had to be lifted, moved, and loaded by hand into the work vehicle.\

20. The parts of this switch were heavy, awkward, and bulky to move by hand.

21. No weights of the materials to be lifted were stamped or otherwise indicated on the switch kit parts Plaintiff was assigned to lift and move on August 5, 2022.

22. Employees such as Plaintiff were trained, expected, and instructed by Defendant BNSF to lift, move, and load these parts without assistance.

23. No particular training or instruction was ever provided to Plaintiff by Defendant BNSF on how to safely lift, move, and load these heavy pieces of equipment.

24. Unfortunately, on this date, a large switch part that Plaintiff was moving shifted and began to drop unexpectedly, resulting in severe injury to Plaintiff's shoulders and upper extremities.

25. To the extent that BNSF is at fault as alleged in this action, Plaintiff is fault-free.

## COUNT ONE – Negligence (FELA)

26. Plaintiff hereby realleges and incorporates by reference the allegations stated above in this Complaint, as though fully set forth herein.

27. Plaintiff's injuries were caused, in whole or in part, by the tortious conduct of Defendant BNSF in violation of its applicable duty of care under the FELA (45 U.S.C. §§ 51-60), including, but not limited to, by:

    i. Failing to provide Plaintiff with a reasonably safe place to work;

    ii. Failing to provide Plaintiff with reasonably safe equipment, tools, and machinery for the performance of the duties to which he was assigned;

    iii. Failing to inspect, maintain, repair, and/or replace the equipment, tools, and machinery provided to Plaintiff to perform the duties to which he was assigned;

    iv. Failing to properly train Plaintiff and other employees in methods to safely perform the duties to which they were assigned; and/or

    v. Other acts of negligence as investigation and discovery may reveal.

28. Due in whole or in part to BNSF's negligence under the FELA and otherwise as alleged herein, Plaintiff sustained severe and permanent physical injuries to his shoulders and upper extremities.

29. As a direct result of these injuries, and due to BNSF's negligence, Plaintiff has incurred in the past and will incur in the future medical and treatment-related expenses, in amounts to be proven at trial.

30. As a direct result of these injuries, and due to Defendant's negligence, Plaintiff has been unable to return to his job of injury, and has lost both past and future wages, earnings, and benefits, to his damage, in amounts to be proven at trial.

31. As a direct result of these injuries, and due to Defendant's negligence, Plaintiff has suffered disability, pain, suffering, emotional distress, loss of enjoyment of life, and other noneconomic damages, in amounts to be proven at trial.

## PRAYER FOR RELIEF

Having stated the foregoing cause(s) of action, Plaintiff now requests that the Court award the following relief:

a. A judgment in favor of Plaintiff and against BNSF, awarding Plaintiff his past and future economic damages, in an amount to be determined at trial;

b. A judgment in favor of Plaintiff and against BNSF, awarding Plaintiff his past and future noneconomic damages, in an amount to be determined at trial;

c. A judgment in favor of Plaintiff and against BNSF, awarding Plaintiff prejudgment interest on all liquidated sums, including his past economic damages, in an amount to be determined at trial;

d. An award of Plaintiff's reasonable attorneys' fees and costs incurred herein, to the extent permitted by law; and,

e. Such other relief as the Court may deem just and equitable under the circumstances.

Dated: April 3, 2024

        **ROSSI VUCINOVICH PC**

        By: s/ *Benjamin T. G. Nivison*
        Benjamin T. G. Nivison, *Pro Hac Vice*
        *Application Forthcoming*
        TRIAL COUNSEL FOR PLAINTIFF
        1000 Second Avenue, Suite 1420
        Seattle, WA 98104
        Phone: 425.646.8003
        Fax: 425.646.8004
        Email: bnivison@rvflegal.com


        **ATWOOD LAW, P.C., L.L.O.**

        By: s/ *Corey L. Stull*
        Corey L. Stull, NSBA # 21336
        LOCAL COUNSEL FOR PLAINTIFF
        575 Fallbrook Blvd., #206
        Lincoln, NE 68521
        Phone: 402.476.4400
        Fax: 402.476.4410
        Email: cstull@atwoodlaw.com